IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM HILL,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

    Defendant.

:
:
:
:
:

Case No. 3:16-cv-174

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
SHARON L. OVINGTON

---

DECISION AND ENTRY ADOPTING REPORT AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
(DOC. #11), AND OVERRULING OBJECTIONS OF DEFENDANT
NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL
SECURITY (DOC. #12), TO SAID JUDICIAL FILING; JUDGMENT TO BE
ENTERED IN FAVOR OF PLAINTIFF WILLIAM HILL AND AGAINST THE
DEFENDANT COMMISSIONER, REVERSING THE COMMISSIONER'S
DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE,
NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT,
AND REMANDING THE CAPTIONED CAUSE TO THE COMMISSIONER
UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN
IMMEDIATE AWARD OF BENEFITS; TERMINATION ENTRY

---

Plaintiff William Hill ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On May 2, 2017, Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #11, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be vacated, and remanded to the Commissioner for an immediate award of benefits. Based upon

reasoning and citations of authority set forth below, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations, Doc. #11, and OVERRULES the Defendant Commissioner's Objections, Doc. #12, to said judicial filing, in which she seeks remand for further proccedings. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as not supported by substantial evidence, and remanding the matter to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g) for an immediate award of benefits.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)

(quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938)). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Commissioner does not object to the Magistrate Judge's conclusions that the Administrative Law Judge's ("ALJ") finding of non-disability was not supported by substantial evidence, and that reversal of that finding and remand of the captioned cause to the Commissioner are necessary. However, she objects to the Magistrate Judge's recommendation that the case be remanded for an immediate award of benefits. She argues that, even though the ALJ did not properly weigh the opinion of Dr. Leslie Green, the Commissioner's consulting physician, Dr. Green's opinion was inconsistent with the opinion of Dr. Jeanne Kirkland, Plaintiff's treating physician, and provided at least some evidence supporting a finding of non-disability. Doc. #12, PAGEID #560 (citing Doc. #6, PAGEID #149-51, 153, 156; Doc. #11, 555). Because the administrative record reflected at least some uncertainty as to whether Plaintiff is disabled under the Act, the Commissioner argues, remand for further proceedings, rather than an award of benefits, is proper. *Id.*, PAGEID #560-61 (citing *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)).

As Plaintiff's initial claim for disability benefits was filed prior to March 27, 2017, the Commissioner and the Court must apply the version of 20 C.F.R. § 404.1527(c)(2) in effect prior to that date; this regulation is commonly referred to as the "treating physician rule." Under the rule, if a claimant's treating medical source's "opinion on the issues of the nature and severity of your impairments is well-supported by medically

acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. § 404.1527(c)(2). Dr. Green reviewed Dr. Kirkland's treatment records of Plaintiff and concluded that her opinion was entitled to "[o]ther weight . . . [,] due to limitations given [that] are partly issue[s] reserved for the [C]ommissioner and also not fully consistent with the objective evidence provided." Doc. #6, PAGEID #156.

For two reasons, however, the Commissioner may not rely on the conclusion of Dr. Green to discount the opinion of Dr. Kirkland. <u>First</u>, a treating source opinion need not be entirely consistent with other evidence of record for it to be afforded controlling weight; rather, the opinion must only "<u>not</u> [be] <u>inconsistent</u> with the other substantial evidence in [a claimant's] case record." 20 C.F.R. § 404.1527(c)(2) (emphasis added). Beyond the conclusory statement written above, Dr. Green cites to no evidence of record that contradicts or undermines Dr. Kirkland's findings. Thus, any lack of "full consistency" between Dr. Kirkland's opinion and those of other medical sources is not a valid reason to discount the former. <u>Second</u>, even if Dr. Kirkland did opine on issues reserved to the Commissioner, *e.g.*, whether Plaintiff is disabled under the Act, her having done so so is not an acceptable reason to discount her opinion as a whole. The Commissioner's regulations state that "[w]e will not give any special significance to the source of an opinion on issues reserved to the Commissioner[.]" 20 C.F.R. § 404.1527(d)(3). In other words, the ALJ should refuse to consider those portions of a treating source's opinion in determining whether to assign it controlling weight; the ALJ should not use those portions of a treating source's opinion as a <u>reason</u> to discount the <u>entire</u> opinion.

5

2. As Plaintiff testified, Dr. Kirkland had been his primary care physician for almost thirty years, and he is treated by him every three months. Doc. #6, PAGEID #81; *see also* 20 C.F.R. § 404.1527(c)(2)(i-ii) (length of treatment relationship, and extent of that relationship, are major factors in deciding the amount of weight to assign to a treating source opinion). Moreover, the ALJ gave "great weight" to the opinion of Damian Danopulos, M.D., the Commissioner's examining physician, *id.*, PAGEID #50, and the findings of Dr. Kirkland were at least somewhat consistent with some of Dr. Danopulos's findings. *Id.*, PAGEID #404-06, 448-50. As Dr. Kirkland's opinion was consistent with other substantial evidence of record, and the ALJ does not opine that Dr. Kirkland's findings were the product of unreliable clinical or diagnostic techniques, the ALJ was required to assign controlling weight to her opinion. 20 C.F.R. § 404.1527(c)(2).

3. Based on the testimony of the Commissioner's vocational expert, Doc. #6, PAGEID # 76-81, adoption of Dr. Kirkland's opined limitations dictates the conclusion that there are not a significant number of jobs in the national or regional economy that Plaintiff is capable of performing. Thus, the evidence supporting a finding of disability is overwhelming, and remand for an award of benefits is appropriate. *Faucher*, 17 F.3d at 176.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge, Doc. #11, and overrules the Defendant Commissioner's Objections to said judicial filing, seeking remand for further

proceedings. Doc. #12. Judgment shall enter in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for an immediate award of benefits.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 4, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE